IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

TERRY ALLAN HAYES, DT-5663, )
    Petitioner, )
     )
    v. ) 2:15-1683
     )
PENNSYLVANIA PAROLE BOARD, et al., )
    Respondents. )

MEMORANDUM and ORDER

Mitchell, M.J.,

    Terry Allan Hayes, an inmate at the State Correctional Institution at Albion has presented a petition for a writ of habeas corpus which he has been granted leave to prosecute in forma pauperis.

    Hayes is presently serving a ten to twenty year sentence imposed upon a plea of guilty to a charge of rape at No. 722 of 1998 in the Court of Common Pleas of Mercer County, Pennsylvania. This sentence was imposed on September 28, 1998 with a controlling minimum date of April 6, 2008 and a maximum controlling date of April 6, 2018.[1] It is not his conviction nor his sentence which Hayes now challenges but rather the continuous denial of his release on parole.[2]

    On February 11, 2008 parole was denied because:

> Your best interests do not justify or require you being paroled/reparoled, and the interests of the Commonwealth will be injured if you were paroled/reparoled… The reasons for the Board's decision included the following: your minimization/denial of the nature and circumstances of the offenses. Your refusal to accept responsibility for the offense(s) committed. Your lack of remorse for the offense(s) committed. The negative recommendation made by the Department of Corrections. Reports evaluation and assessments concerning your mental and behavior condition and history that reflects ongoing risk to the community. Your unacceptable compliance with prescribed institutional programs. Your institutional

---

[1] See: Page 25 of the answer.
[2] Hayes previously filed challenges to his conviction at 2:04-cv-329, 3:05-cv-202 and most recently at 2:12-cv-1404 which on November 27, 2012, the Court of Appeals deemed a second or successive petition.

1

behavior, including reported misconducts or community corrections residency failure. Your interview with the hearing examiner and/or Board member. You will be reviewed in or after December, 2008.[3]

On February 24, 2009, parole was again denied because;

You need to participate in and complete additional institutional programs. Your risk and needs assessment indicating your level of risk to the community. The negative recommendation made by the Department of Corrections. Your failure to demonstrate motivation for success. Your minimization/denial of the nature and circumstances of the offense(s) committed. Your refusal to accept responsibility for the offense(s) committed. Your lack of remorse for the offense(s) committed. You are to be reviewed in or after January 2010.[4]

On March 10, 2010 parole was again denied because:

Your risk and needs assessment indicating your level of risk to the community. Reports, evaluations and assessments/level of risk indicates your risk to the community. Your failure to demonstrate motivation for success. Your minimization/denial of the nature and circumstances of the offenses(s) committed. Your lack of remorse for the offenses) committed. You are to be reviewed in or after February 2011.[5]

Parole was again denied on March 25, 2011 because:

Your need to participate in and complete additional institutional programs. Your risk and needs assessment indicating your level of risk to the community. Your minimization/denial of the nature and circumstances of the offense(s) committed. Your refusal to accept responsibility for the offense(s) committed. Other factors deemed pertinent in determining that you should not be paroled. Your failure to show benefit from sex offender program. You are to be reviewed in or after August 2012.[6]

Parole was again denied on September 4, 2012 because:

Your need to participate in and complete institutional programs. Your risk and needs assessment indicating your level of risk to the

---

[3] See: Answer at Exhibit 3.
[4] Id. at Exhibit 4.
[5] Id. at Exhibit 5.
[6] Id. at Exhibit 6.

community. The negative recommendation made by the Department of Corrections. You are to be reviewed in or after February, 2012.[7]

On February 27, 2013 parole was denied because:

Your risk and needs assessment indicating your level of risk to the community. Your failure to demonstrate motivation for success. Your refusal to accept responsibility for the offense(s) committed. Your lack of remorse for the offense(s) committed. You are to be reviewed in or after February, 2014.[8]

On March 3, 2014 parole was again denied because:

Your risk and needs assessment indicating your level of risk to the community. The negative recommendation made by the Department of Corrections. Reports, evaluations and assessments/level of risk indicates your risk to the community. Your denial of the nature and circumstances of the offense(s) committed. Your refusal to accept responsibility for the offense(s) committed. Your lack of remorse for the offense(s) committed. You are to be reviewed in or after February, 2015.[9]

On March 11, 2015, parole was again denied because:

Your risk and needs assessment indicating your level of risk to the community. The negative recommendation made by the department of corrections. Reports, evaluations and assessments/level of risk indicates your risk to the community. Your minimization/denial of the nature and circumstances of the offense(s) committed. Your lack of remorse for the offense(s) committed. You are to be reviewed in or after February 2017.[10]

Although petitioner requested reconsideration of his parole denial, by letter dated December 11, 2015, he was informed that applications for consideration will not be considered if requested earlier than a year after the Board's latest determination.[11]

Petitioner now seeks to challenge the actions of the Board. Specifically, he argues that the denial of his release on parole was arbitrary and capricious and that in violation

---

[7] Id. at Exhibit 7.
[8] Id. at Exhibit 8.
[9] Id. at Exhibit 9.
[10] Id at Exhibit 10.
[11] Id. at Exhibits 11-14.

of 61 Pa.C.S.A. 6139(a)(2) and (3) the Board has failed to review his parole applications annually.[12]

The relevant Pennsylvania statute, 61 Pa.C.S.A.§ 6137 does not create a mandatory expectation of parole which has been determined to be a matter of grace. Rogers v. Pennsylvania Board of Probation and Parole, 555 Pa. 285 (1999). In the absence of a state mandated right of parole, parole is a matter of mere possibility and does not invoke a federally protected liberty interest. Kentucky Department of Corrections v. Thompson, 490 U.S. 455 (1989). In Connecticut v. Dumschat, 452 U.S. 458 (1981), the Court recognized that where there is no liberty interest created, there is no constitutional basis for relief. Since federal habeas corpus relief is premised on violations of constitutional proportion, no such factors exist here since the reasons for denying parole were based on the plaintiff's conduct both inside and outside the institution and not on some arbitrary basis such "race, religion, political beliefs, or ... frivolous criteria with no rational relationship to the purpose of parole such as the color of one's eyes, the school one attended, or the style of one's clothing." Block v. Potter, 631 F.2d 233, 235 (3d Cir.1980).

In Coady v. Vaughn, 251 F.3d 480,487 (3d Cir.2001), the Court observed that "federal courts are not authorized by the due process clause to second-guess parole boards and the requirements of substantive due process are met if there is some basis for the challenged decision."

Thus, the record clearly demonstrates that Hayes' continued incarceration is not the result of any arbitrary or capricious action in violation of any federally protected due process but rather is rationally based on his conduct within the prison. For this reason, his allegation does not provide a basis for relief.

Hayes also contends that the Board failed to grant annual reviews of his eligibility for parole as required by Pennsylvania statute. As a matter of state law, this contention is not subject to review here. Swarthout v. Cooke, 131 S.Ct. 859 (2011).

Because the petitioner has failed to demonstrate that any action of the Board was contrary to federal law as determined by the Supreme Court nor involved an unreasonable application of those determinations he is not entitled to relief here.

---

[12] See: Petition at ¶¶ 8 and 9.

Accordingly, his petition will be dismissed and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability will be denied.

    An appropriate Order will be entered.


Filed:  2/29/2016

                                                s/ Robert C. Mitchell
                                                United States Magistrate Judge